887 F.2d 1095
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Charles R. and Florine J. DAVIS, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 89-1385.
 United States Court of Appeals, Federal Circuit.
 Sept. 29, 1989.
 
 Before PAULINE NEWMAN, BISSELL, and MICHEL, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Charles R. and Florine J. Davis appeal from the decision of the United States Claims Court, dated March 22, 1989, granting the government summary judgment and directing dismissal of the complaint with prejudice. After hearing oral argument from Mr. Charles R. Davis, pro se, and from the government's attorney, and after reviewing the briefs, the record, and the additional materials submitted by appellant, we affirm for reasons set forth in the clear, comprehensive, and correct opinion by Judge Wiese. Davis v. United States, No. 765-85 C, slip op. (Cl.Ct. Mar. 22, 1989).
 
 
 2
 During oral argument it was first alleged by appellant that the contracting agency had demanded his signing a general waiver before it would release to him funds awarded by the Armed Services Board of Contract Appeals to R-D Mounts, Inc., the plaintiff's corporation. That matter is not properly before this court as it was not raised in appellant's briefs on appeal or in the Claims Court. Finally, the waiver issue is not covered in the record on appeal. Accordingly, we cannot judge the veracity or validity of the alleged waiver requirement. The government's attorney nevertheless represented to the court that he "will contact the agency and make sure that no inappropriate condition has been put on [the release of the funds]." The government's attorney also undertook to consult appellant.
 
 
 3
 The judgment of the Claims Court is affirmed.